IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. CCB-16-128 |
| | | Civ. No. CCB-18-1710 |
| SEAN STANLEY JACKSON | * | |

*******

**<u>MEMORANDUM</u>**

Federal prisoner Sean Jackson has filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, which the government has opposed. Jackson has filed a reply and a supplemental reply, as well as related correspondence, which has been reviewed. No evidentiary hearing is required. For the reasons set forth below, the motion will be denied.

On March 30, 2016, Jackson was charged in a fifteen-count indictment with various fraud and money laundering offenses. Represented by the Federal Public Defender's Office, on January 26, 2017, he pled guilty to Count One, conspiracy to commit wire fraud, and Count Fifteen, money laundering. On May 1, 2017, he was sentenced to concurrent 96-month terms of imprisonment.

In his motion to vacate, Jackson alleges ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), claiming that his experienced defense counsel failed to investigate his case. ( ECF 145). The only specific issue identified by Jackson, however, was counsel's failure to file motions to suppress evidence obtained through several search warrants which, according to Jackson, were not sought by a "federal law enforcement officer" as required by Federal Rule of Criminal Procedure 41(b). But the affidavits were signed by Baltimore County Police Officer Michael Aiosa, who swore under oath that he had been detailed to the

Internal Revenue Service Criminal Investigation Division as a Federal Task Force Officer ("FTO"). (*See* ECF 145-3 at 4). Jackson offers no evidence to rebut that information. As the U.S. Attorney explains in his opposition, (ECF 148 at 5–7), TFO Aiosa accordingly falls within the definition of a "federal law enforcement officer" under Rule 41. *See* Fed. R. Civ. P. 41(a)(2)(C); 28 C.F.R § 60.2(a); 5 U.S.C. § 3374(a)(2); 26 U.S.C. § 7608(b)(2)(A). *See also United States v. Leveto*, 540 F.3d 200, 211 (3d Cir. 2008) ("I.R.S. agents are 'federal law enforcement officers' [as defined by Rule 41] because they are 'engaged in enforcing criminal laws' and are 'authorized by the Attorney General' to execute warrants under 28 C.F.R. [§] 60.2(a) and 26 U.S.C. [§] 7608(b)(2)(A)."); *United States v Weiland*, 420 F.3d 1062, 1070 (9th Cir. 2005) (holding that a local law enforcement official deputized as a Special Deputy U.S. Marshal was a "federal law enforcement officer" for the purposes of Rule 41). Accordingly, there was no basis for defense counsel to file a motion to suppress.

Where a *Strickland* claim is based on the failure to file a motion to suppress, counsel's performance may be deficient if the unfiled motion "would have had some substance." *Grueninger v. Director, Va. Dep't of Corrections*, 813 F.3d 517, 524 (4th Cir. 2016) (internal quotation marks omitted). The defendant "also must show prejudice from counsel's deficiencies;" in this context he must show both (1) that the suppression motion would have been meritorious and likely would have been granted, and (2) a reasonable probability that suppressing the evidence would have affected the outcome of the proceeding. *Id.* at 524–25. In this case, as explained above, TFO Aiosa was a federal law enforcement officer authorized to obtain a search warrant under Rule 41. There would have been no substance to a suppression motion based on his alleged lack of authority to seek the warrants issued in this case, and therefore counsel's performance was not deficient. For the same reason, Jackson has shown no

prejudice, as the motion would not likely have been granted. Even if the court were to assume that TFO Aiosa's detail to the IRS did not render him a federal law enforcement officer, defendant would still not be entitled to relief, as any violation of Rule 41(b) here would be non-constitutional and non-prejudicial; nor is there any evidence of a deliberate attempt to circumvent Rule 41(b). *See United States v. Claridy*, 601 F.3d 276, 283–84 (4th Cir. 2010).

Accordingly, the motion will be denied. No certificate of appealability will be issued. A separate Order follows.

| | |
|---|---|
|    11/30/20    |            /S/          |
| Date | Catherine C. Blake |
| | United States District Judge |